Acer Realty Co. v. Commissioner.
Acer Realty Co. v. Commissioner
Docket No. 1155.
United States Tax Court
1944 Tax Ct. Memo LEXIS 269; 3 T.C.M. (CCH) 416; T.C.M. (RIA) 44143; May 3, 1944
*269 R. Shad Bennett, Esq., 14 S. Central Ave., Clayton, Mo., for the petitioner. Richard A. Jennings, Esq., and James J. Waters, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency in petitioner's income tax for the fiscal year ended January 31, 1941, in the amount of $353.65. The question presented by this proceeding is whether the payment of petitioner's income tax by a lessee resulted in taxable income to petitioner. Findings of Fact Petitioner is a corporation, doing business as a real estate holding company, which filed its income tax return for the fiscal year ended January 31, 1941, on a cash receipts and disbursements basis, with the collector of internal revenue at St. Louis, Missouri. It is the owner of certain real estate leased to the Glenwood Sanatorium Co. The officers and directors of petitioner are R. Shad Bennett, Anna M. Bennett, his wife, and a Mr. Rothweilder. The officers and directors of the Glenwood Sanatorium Co., the lessee, are R. Shad Bennett, Anna M. Bennett, and Dr. Paul Hines. During the fiscal year ended January 31, 1940, immediately preceding the tax year here in question, the Glenwood Sanatorium *270 Co. paid $20,000 rent, and also paid petitioner's income tax for the preceding year, and petitioner reported the receipt of the sum of the two amounts as taxable income for that year. The amount advanced for taxes was considered as additional rental, and was deducted by Glenwood in its tax return as a business expense. On January 29, 1940, the directors of petitioner met and passed the following resolution: "WHEREUPON, after full discussion, it was resolved that the Corporation discontinue the rental of its properties to Glenwood Sanatorium Company upon the basis of the Glenwood Sanatorium Company paying all maintenance charges and taxes for the Corporation, and that hereafter it pay all taxes duly levied against it and take care of all maintenance charges." * * * * *
"THAT the corporation would rent said property to Glenwood Sanatorium Company for the sum of TWENTY THOUSAND DOLLARS ($20,000.00) per annum for the ensuing year." On the same day, the board of directors of Glenwood Sanatorium Co. passed the following resolution: "That the Corporation discontinue the inclusion of taxes and maintenance as rental charges for the properties rented from ACER REALTY COMPANY, and that *271 the officers enter into an agreement or contract with said Acer Realty Company for the rental of the properties now occupied by the Corporation, at a rental price of not to exceed TWENTY THOUSAND DOLLARS ($20,000.00) per annum, without including the general maintenance of said property and the taxes of the said Acer Realty Company." During the fiscal year ended January 31, 1941, the tax year under consideration, Glenwood again paid petitioner $20,000 rent, and also paid petitioner's income tax, in the amount of $2,143.35. Petitioner did not report the receipt of that amount as income, and Glenwood did not deduct the amount as an expense. The books of the petitioner showed the receipt of $20,000 as rent during the taxable year. It was the general practice for Glenwood Sanatorium Co. to pay the bills of petitioner and otherwise advance money to it. These payments and advances were carried on the books of Glenwood under an account entitled "Acer Realty Company" or "Acer Realty Company, Special Account" which showed balancing payments from time to time by petitioner. The amounts here in question were shown on the books of Glenwood to have been paid out as "taxes advanced", but were *272 not entered on the Acer Realty Co. account in its books. The amount paid out during the taxable year by Glenwood in payment of petitioner's income taxes was understood by both corporations to be a loan and was not intended by either to be additional rent. Neither the books of Glenwood nor of petitioner reflected any account receivable or payable on account of Glenwood's payment of petitioner's income taxes during the taxable year. The amount of $2,143.35 does not constitute taxable income to petitioner for the tax year ended January 31, 1941. Opinion KERN, Judge: The deficiency in petitioner's income tax involved in this proceeding arises by reason of respondent's determination that petitioner received as "rental income" the sum of $2,143.35 resulting from the payment of petitioner's Federal income tax in that amount by its lessee, Glenwood Sanatorium Co. Thereupon the burden of proving that this amount did not constitute "rental income" was upon petitioner. At the hearing herein it introduced evidence upon which we have based our findings of fact above set out. From that evidence it appears that petitioner and Glenwood agreed before the beginning of the taxable year that the *273 rent to be paid by Glenwood to petitioner for the use of petitioner's property was to be only $20,000, and was not to consist also of the payment of petitioner's expenses and taxes. In the preceding year Glenwood had paid as rent $20,000 plus petitioner's taxes. These taxes had been returned as income by petitioner in the amount of $2,448.01 as "other income - taxes paid by lessee," and had evidently been deducted by Glenwood since it deducted as "rent" the sum of $22,892.57. For the taxable year Glenwood deducted as "rent" $20,000, and petitioner returned the same amount as income from "rents." Petitioner's books show the receipt during the taxable year of rent in the sum of $20,000. The bookkeeper for both petitioner and Glenwood testified that the payment by the latter company of petitioner's income taxes during the taxable year was intended by both corporations to be in the nature of a loan or advance. It was the general practice over many years for Glenwood to pay petitioner's expenses and to receive repayment either by cash or credit upon the rent due from Glenwood. Upon this evidence we conclude that the payment by Glenwood during the taxable year of petitioner's Federal income *274 tax was not intended by either the lessor or the lessee to be rent, was not paid by Glenwood or received by petitioner as rent, and was not rent. In order to reach a contrary conclusion we would be forced to assume that the lease contract evidenced by the corporate resolution was fraudulent, or that Glenwood, for some mysterious reason, deliberately and intentionally paid more rent than it was obligated to pay and more than it knew it was obligated to pay, and having done so, failed to deduct this gratuitous payment of excess rent from its gross income. We see no reason to make these assumptions. While the petitioner has proved to our satisfaction that the payment of its income taxes by Glenwood was not "rental income" to it, it has not proved by satisfactory evidence what the proper legal characterization of the result of such payment should be as between petitioner and Glenwood. In other words, we can not determine from the proof offered whether the payment of petitioner's taxes by Glenwood was a loan to petitioner or a gift. The bookkeeper of both corporations testified that the payment was considered by both as a loan. However, no note was given by petitioner evidencing this *275 payment as a debt, and it was not set up on the books of either corporation as an account payable or receivable. As an explanation for this omission the bookkeeper testified that the books were left open as to this item so that the proper adjustments could be made by an auditor after the termination of the present action. This explanation is unsatifactory in view of the fact that the taxable year ended January 31, 1941, and the determination of deficiency was not mailed by respondent until January 7, 1943. No officer of either corporation was called as a witness, although counsel for petitioner was an officer of both. Respondent's position upon brief seems to be that since petitioner has failed to prove that the amounts paid by Glenwood on account of petitioner's income tax were a loan to petitioner, and that respondent's determination must be affirmed. With this position we disagree. Petitioner has proved that the amounts in question were not paid or received as rent, and it is only as rent that respondent has suggested the amounts to be income to petitioner. It follows that either the amounts were repayable by it and therefore a loan, or that they were not repayable and therefore *276 a gift. Whether gifts or loans, they would not constitute taxable income to petitioner. Decision will be entered for the petitioner.